50 F.3d 15
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Elsa Galves PULIDO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-70331.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 16, 1994.
Decided March 6, 1995.
 
 Before: HUG, CANBY and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 I.
 
 2
 Elsa Galves Pulido petitions this court for review of a final order of deportation entered by the Board of Immigration Appeals (BIA). Pulido argues that the BIA erred in relying on a facially defective marriage contract as evidence that she was married when she entered the United States as the unmarried daughter of a United States citizen. She also argues that the BIA erred in finding that she gave false testimony during her deportation hearing and therefore was statutorily ineligible for voluntary departure. We vacate the BIA's order and remand the case to the BIA to determine whether the marriage contract was valid.
 
 II.
 
 3
 The BIA affirmed the Immigration Judge's (IJ) decision that Pulido was deportable under Sec. 241(a)(1) of the Immigration and Nationality Act as an alien excludable for having procured entry into the United States by fraud and willful misrepresentation of a material fact under Sec. 212(a)(19), and as an immigrant without a valid immigrant visa or equivalent document under Sec. 212(a)(20). Both of these rationales for finding Pulido deportable were premised on the assumption that Pulido's marriage contract of November 25, 1986, is valid. However, as Pulido points out, the November 25 marriage contract is facially defective: it reflects that the required marriage license did not exist on the date that the contract was solemnized.
 
 
 4
 On review of deportation orders, the BIA's findings of fact are conclusive "if supported by reasonable substantial, and probative evidence, on the record as a whole." 8 U.S.C. Sec. 1105a(a)(4); Chavez-Ramirez v. I.N.S., 792 F.2d 932, 934 (9th Cir.1986). Here, the only evidence supporting the BIA's determination that Pulido was married when she entered the United States is a marriage contract which, on its face, reflects that Pulido's marriage license was issued a day after the marriage contract was solemnized. If the contract is accurate, then Pulido's marriage is not valid under Filipino law. The BIA assumed that because the municipal trial judge who solemnized the marriage on November 25 certified that the parties exhibited a marriage license to him on that date, the discrepancy in the contract can be explained as a typographical error. This assumption is insufficient to overcome the fact that the marriage contract states that license was not issued until November 26. In light of the facts as reflected in the contract, the BIA should have required the government to prove that the marriage license existed on November 25, and that the contract's indication to the contrary is a mere typographical error. Because the defective contract does not suffice as substantial evidence supporting the BIA's order, we vacate the order and remand the case to the BIA.
 
 
 5
 In a motion to reopen the deportation hearing submitted to the IJ, the INS did present evidence that the marriage contract was in fact issued on November 25. Because the INS did not file this motion until after jurisdiction had vested in the BIA, the IJ could not grant the motion. However, the IJ forwarded the motion and accompanying evidence to the BIA "to be dealt with as they may please...." Pulido objected to the BIA's consideration of the motion on the ground that the INS had not demonstrated that the evidence submitted was previously unavailable. The BIA found it unnecessary to consider the INS' motion and Pulido's response because it found that the evidence presented at the deportation hearing adequately supported the IJ's decision. On remand, the BIA can decide whether it will consider this evidence either as the basis for a new decision, or as new evidence that warrants reopening the deportation hearing.
 
 III.
 
 6
 The BIA found that Pulido gave false testimony during her deportation hearing and therefore was statutorily ineligible for voluntary departure. The BIA based its finding on Pulido's testimony that (1) she did not understand she was entering marriage when she signed the marriage contract; (2) the reason she told an INS officer she was not married when she entered the United States was that she did not consider her civil marriage valid; (3) at the time she signed an affidavit stating that she was married when she entered the United States, she told the INS officer who prepared the affidavit that she did not consider her civil marriage valid; and (4) she signed the affidavit because she was too confused and scared to understand what the affidavit said.
 
 
 7
 We cannot say that the BIA lacked substantial evidence for its finding, and accordingly we do not overturn it. See I.N.S. v. Elias-Zacarias, 112 S.Ct. 812, 815 n. 1 (1992) (to reverse BIA factual finding, evidence must not only support reversal, but compel it). We do regard the issue as a close one, however. With the exception of the affidavit, Pulido has consistently maintained that she sincerely believed that the marriage contract she signed did not constitute her marriage, and that her true marriage was her marriage in the Catholic Church. In light of the tenets of her religion, Pulido's argument carries considerable force. Because we are remanding the case for other reasons, the BIA in its discretion may wish to take advantage of the opportunity to revisit the question whether Pulido gave false testimony during her hearing that disqualified her from voluntary departure.
 
 
 8
 PETITION FOR REVIEW GRANTED; VACATED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3